# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4054 | DATE | 5/30/2001 |
| CASE TITLE | Donald Ladenberger vs. General Signal Pump Group/Aurora Pump, a division of General Signal Pump Corporation | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memoradum Opinion and Order, GSPG's motion to strike certain affidavits and plaintiff Ladenberger's counter motion to strike the affidavit of J. Koester. For the following reasons, the defendant's motion is denied in part and granted in part and the plaintiff's motion is denied. [Doc. #s 37, 41]

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAY 3 1 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | eav | 42 |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 MAY 30 PM 5: 13 | | |
| VG(1c) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Donald Ladenberger | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 00 C 4054 |
| v. | ) | |
| | ) | HONORABLE DAVID H. COAR |
| General Signal Pump Group/Aurora Pump, | ) | Magistrate Judge Ashman |
| a division of General Signal Corporation, | ) | |
| | ) | |
| Defendant. | ) | MAY 3 1 2001 |

## MEMORANDUM OPINION AND ORDER

Before this court is defendant's, General Signal Pump Group/Aurora Pump, a division of General Signal Corporation ("GSPG"), motion to strike certain affidavits and plaintiff Donald Ladenberger's ("Ladenberger") counter motion to strike the affidavit of Jeanne Koester. For the following reasons, the defendant's motion is denied in part and granted in part and the plaintiff's motion is denied.

Under Federal Rule of Civil Procedure 56(e), "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

In this case, both defendant and plaintiff move to the strike affidavits of witnesses who were not previously disclosed during discovery. GSPG moves to strike in their entirety the affidavits of the following witnesses: Marie Frantzen ("Frantzen"), Robert Baker ("Baker"),

1

Keith Koester ("K.Koester"), Clarence Scherping ("Scherping"), Bonnie Berger ("Berger"), Richard Carter ("Carter"), and Paul Beyer ("Beyer"). Ladenberger moves to strike in its entirety the affidavit of Jeanne Koester ("J.Koester"). As both parties have taken the opportunity to submit affidavits after the close of discovery, neither party will be allowed to secure an advantage by striking any affidavits that may have been presented in an untimely manner. Consequently, GSPG's motion and Ladenberger's counter motion to strike the affidavits of witnesses who were not previously disclosed during discovery as persons with knowledge of facts that would support either party's allegations are denied.

In addition, GSPG moves to strike various statements for 1) lack of personal knowledge and/or sufficient factual support to demonstrate asserted personal knowledge; 2) inclusion of inadmissible opinion, speculation and/or conclusory allegations; and 3) lack of probative value.

Under the law, personal knowledge may be inferred from the affidavit itself. Barthelemy v. Air Lines Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir. 1990). The extent to which an affiant had access to certain knowledge is determined by a variety of factors including the position of the affiant as well as the circumstances in which he or she was involved. Id. In this case, the following statements made in affidavits in support of the plaintiff's argument are stricken because the person lacked either personal knowledge and did not provided sufficient factual support to demonstrate the knowledge asserted: Frantzen Affidavit (Aff.), ¶¶ 6-9; Lenard Aff. ¶ 7; Scherping Aff. ¶ 9,11; Berger Aff. ¶¶ 4-6.

Secondly, the defendant contends that the following statements must be stricken because they include inadmissible opinion, speculation, and/or conclusory allegations: Ringhofer Aff. ¶ 5; Hernandez Aff. ¶ 7; Baker Aff. ¶ 14; Carter Aff. ¶ 12. Under federal law, opinion evidence is

2

allowed in an affidavit when it is the opinion that is at issue. Jorman v. Veterans Admin., 579 F.Supp. 1407, 1412, fn. 8 (N.D. Ill. 1984). Further, affidavits are properly considered when based on personal knowledge and perceptions. Harriscom Svenska v. Harris Corp., 3 F.3d 576, 581 (2d.Cir. 1993). In this case, the above-mentioned statements are admissible because they attest to the witnesses' perception of Ladenberger's opinion and character. Given that the credibility of Ladenberger's opinions and perceptions are at issue in this case, these statements are admissible and the defendant's motion is denied with respect to those afore-mentioned statements.

Lastly, GSPG moves to strike Beyer Aff. ¶¶ 6-7 alleging that it lacks probative value. Given that other claims of alleged sexual harassment discrimination are neither related nor relevant to the age discrimination issues in this case, the statements made in the Beyer Aff. ¶¶ 6-7 are stricken.

## Conclusion

For the foregoing reasons, GSPG's motion to strike certain affidavits and plaintiff Ladenberger's counter motion to strike the affidavit of J. Koester. For the following reasons, the defendant's motion is denied in part and granted in part and the plaintiff's motion is denied.

Enter:

_____

David H. Coar

United States District Judge

Dated: **MAY 3 0 2001**

3